FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FEB 1 1 2015

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CR. NO. 2:15cr17-MHT |
| | ) | [18 U.S.C. § 922(a)(1)(A); |
| v. | ) | 18 U.S.C. § 922(a)(5)] |
| | ) | |
| | ) | |
| MICHAEL ALBERT FOCIA | ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1
**[Dealing in Firearms Without a License]**

Beginning from an unknown date and continuing until the filing of this Indictment, the exact dates being unknown to the Grand Jury, in Montgomery County, and elsewhere within the Middle District of Alabama, the defendant,

MICHAEL ALBERT FOCIA,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT 2
**[Transferring Firearm to Out-of-State Resident]**

On or about August 9, 2013, in Montgomery County, within the Middle District of Alabama, the defendant,

MICHAEL ALBERT FOCIA,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer and sell a firearm, that is, a Smith & Wesson, M&P Shield .40 caliber handgun bearing serial number HPP9188, to

a recipient representing himself to be K.P., said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Alabama, the State in which the defendant was residing at the time of the aforesaid transfer and sale of the firearm, in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT 3
### [Transferring Firearm to Out-of-State Resident]

On or about October 27, 2014, in Montgomery County, within the Middle District of Alabama, the defendant,

### MICHAEL ALBERT FOCIA,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer and sell a firearm, that is, a Glock Model 27, .40 caliber handgun bearing serial number RZC194, to a recipient representing himself to be J.H., said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Alabama, the State in which the defendant was residing at the time of the aforesaid transfer and sale of the firearm, in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## FORFEITURE ALLEGATION

A.   The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D), as alleged in Count 1 of this Indictment, or Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D), as alleged in Counts 2 and 3 of this Indictment, the defendant,

MICHAEL ALBERT FOCIA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c), any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense in violation of Title 18, United States Code, Sections 922(a)(1)(A), 922(a)(5), 923(a) and 924(a)(1)(D). The property includes, but is not limited to:

Firearms

Smith & Wesson, M&P Shield, .40 caliber handgun and two magazines;
Glock, model 27, .40 caliber handgun and two magazines;

Vehicles

Acura MDX;

Electronic Equipment

Cooler Master, A14025-10CB-3BN-F1; DC 12V Computer Tower;
WD External Hard Drive, SN: WXH108014124;
WD My Book Essential External Hard Drive, SN: WCAVY7439192;
WD My Passport External Hard Drive, SN: WX91AB0N8589;
Thumb Drive;
Plastic Case Containing: Kingston 2GB Micro SD Memory Card, SanDisk Micro SD Adaptor, and 2 T-Mobile SIMS cards;
One SIM Card TFG4SIMC4;
Three CD's: labeled as (1) Prime Peripherals, (1) Memorex, (1) Memorex Lightscribe;
Verizon Samsung Cell Phone, SKU: SCHV365HPP (Flip Phone);
Verizon Samsung Smartphone;
Dell Inspiron Laptop Computer, SN: 7Y3CXJ1;
Memory 16 memory card;
SanDisk 256 MB SD Card;
Canon Compact Flash Card FC-16M;

Verizon LG Flip Phone, SN: 106CYGW0013399;
Verizon Samsung Smart Phone, SN: A000001496A9FE;
iPod, 30 GB, SN: 8K6357SXV9K;
Sony Hard Drive, SN: 6ZG3L43C11Z;
USB Cruzer Glide 16GB;
Tripp Lite USB, SN: SCAB402713Z.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
Gray M. Borden
Assistant United States Attorney

_____
Kevin P. Davidson
Assistant United States Attorney

4