IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:15cr17-MHT
                            )           (WO)
MICHAEL ALBERT FOCIA        )
```

OPINION AND ORDER

This case is now before the court on defendant Michael Albert Focia's motion for revocation or amendment of the magistrate judge's order of detention. See 18 U.S.C. § 3145(b).  After a detention hearing, United States Magistrate Judge Susan Russ Walker ordered that Focia be confined pending trial.  See 18 U.S.C. § 3142(e).  In order to make its determination, the court reviewed the transcripts of the hearings before the magistrate judge as well as heard additional testimony.  Based on the court's de novo review of all of this information, United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988),  the court finds that the government has proved by clear and convincing evidence that no conditions of release will reasonably assure

Focia's appearance at trial and assure the safety of any other person and the community. 18 U.S.C. § 3142(e). The court will therefore deny Focia's motion.

Focia was indicted for (1) one count of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); (2) two counts of transferring a firearm to an out-out-state resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D); and (3) one count of interference with communication systems in violation of 18 U.S.C. § 1362. None of these charges subjects him to 18 U.S.C. § 3142(e)(2)'s "rebuttable presumption" that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." Nevertheless, this court finds other factors under 18 U.S.C. § 3142(g) that demonstrate the inadequacy of any remedy short of detention. Section 3142(g) states that a judicial officer, "in determining whether there are

conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [shall] take into account the available information concerning" four factors.

The first § 3142(g) factor concerns the nature and circumstances of the charged offenses.  In this case, Focia is accused of using the 'deep web' to sell weapons to anonymous users.  He is accused of not only selling guns without a license, but also selling them to people without a license to import, who, for all Focia knew, could have used the weapons for violence.  In addition, Focia is accused of using an electronic signal jammer, which shuts down GPS, cell phones, and other communication devices, when he was pulled over by the police on January 5, 2015.  While these allegations do not suggest about Focia has himself been violent, they do raise concerns that he has knowingly facilitated violence by others, in that he has secretly sought to furnish illegal weapons to those who, because

3

the weapons are underground and illegal, are much more likely to have purchased guns for nefarious use. This factor weighs against Focia.

Second, the court takes into account the weight of evidence against the defendant. As to the firearms trafficking counts, there was testimony at the magistrate judge's hearings that Focia assumed different aliases on the deep web and used them to sell at least two firearms across state lines, including one to an undercover agent. For the interference with communications charge, officers who pulled Focia over noted that their communication devices stopped working and that they found a signal jammer within Focia's car. This factor weighs against Focia.

The third factor, the history and characteristics of the person, weighs heavily against Focia. Within the last few years--and the last few months in particular--Focia has refused to obey law enforcement when pulled over for traffic stops. As detailed in the magistrate judge's order, Focia has consistently

refused to pull over despite the police following with flashing lights. After pulling over, Focia has given a false name on at least one occasion and been found with a signal jammer on another. In his most recent arrest, police maintain they had to block him in the driveway to prevent him from leaving. Police have also stated that after pulling Focia over on two separate occasions, he retrieved a brief case with a gun and reached for a box cutter respectively, although there were no charges for these actions and they did not result in violence. Moreover, Focia has a previous failure to appear, and he was on unsupervised probation when at least one of the indicted crimes occurred. Although Focia has lived in Alabama a long time and has family here, his repeated refusals to pull over and the resulting confrontations with police suggest a serious risk of flight and danger to the community. It also suggests he would not comply with other restrictions that could be used in lieu of detention.

Finally, the court considers the nature and seriousness of the danger to any person and the community posed by the defendant's release.  Focia has no history of personal violence.  However, as the Eleventh Circuit has observed, the "dangerousness necessary to an order of pretrial detention has a much broader construction than might be commonly understood in everyday parlance."  King, 849 F.2d at 487 n.2. First, Focia's repeated confrontations with law enforcement, combined with his stated desire to stockpile guns raises safety concerns.  Focia has a past conviction of carrying a semi-automatic pistol without a license, has told a gun purchaser that he wants to accumulate 500 guns--a veritable arsenal--and has been found with at least nine guns.  He has also tried to bypass security at a courthouse with a loaded gun.  Having a gun is, of course, not a crime, and having several guns is not abnormal in Alabama. Nevertheless, the combination of a past conviction for carrying without a license, the goal of amassing 500

6

guns, and previous verbal confrontations with police raises the possibility of future violence. Second, as discussed above, Focia's selling of weapons over the deep web poses a serious threat to the community. The purpose of the deep web is anonymity. People who desire such anonymity, instead of making open purchases, are much more likely to use the weapons for nefarious purposes.

In short, Focia's furnishing of weapons over the deep web, his desire to amass essentially an arsenal, his extensive efforts to keep his actions secret, and his apparent willingness to engage in confrontations with law enforcement, all raise a substantial risk that he will continue aggressively to facilitate violence, even wide violence.

After examining all four factors in combination, this court agrees with the magistrate judge that Focia should be detained prior to trial, as he is unlikely to comply with any restriction less than confinement. The government has met its burden of providing clear and

convincing evidence establishing that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Focia were released pending trial.

***

For the foregoing reasons, it is ORDERED that defendant Michael Albert Focia's motion for revocation or amendment of the magistrate judge's order of detention (doc. no. 30) is denied.

DONE, this the 25th day of March, 2015.

                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE