**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:15cr17-MHT** |
| | ) | **(WO)** |
| **MICHAEL ALBERT FOCIA** | ) | |

**OPINION AND ORDER**

Before the court is defendant Michael Albert Focia's "Writ of Error Quae Coram Nobis," which the court is treating as a petition for such a writ. He appears to request that the court "review the facts, record and process resulting in the rulings dated March 9 and 10, 2015 respectively (Doc 29, 31)." Defendant's Writ of Error Quae Coram Nobis (doc. no. 49) at 1. He states that, at his arraignment on February 25, 2015, the magistrate judge violated her oath of office by refusing to advise him of the "nature and cause of the action." Id. at 2. He maintains that he "can not adequately and Properly present himself to a Court, much less 'plead' without being informed of the Nature

and cause of action." Id. He therefore asserts that his case should be dismissed "for lack of 'due process' and a 'corpus delicti.'" Id. at 3. He further requests that the court "rescind[] the ruling on March 9, 2015 (doc 29) in the interest of Justice and fair play." Id.

Focia also appears to challenge the magistrate judge's determination that he knowingly and intelligently waived his right to the assistance of counsel. See Order (doc. no. 31). He clarifies that he knowingly waived his right to be represented by an attorney, but that he "never waived his right to counsel ever." Defendant's Writ of Error Quae Coram Nobis (doc. no. 49) at 4. He maintains that he has "insisted on his daughter Presley Focia giving him assistance of counsel in which this court, the United States Marshall Service and the Montgomery Police Department has refused this basic 6th Amendment right." Id. He therefore asserts that the magistrate judge erred in her order finding that he waived his right to

2

counsel and that the order should be rescinded. He concludes as follows: "Once this court has both erred on substantive due process and procedural due process all Jurisdiction ceases and the court in the interest of justice and fair play should dismiss this case with prejudice or show cause within 7 days." Id. at 4-5.

To the extent Focia indeed intends to seek a writ of error coram nobis, as is professed in the style of his pleading, it is due to be denied. "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). It is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Id. As such, it is "difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate." Lowery v. United States, 956 F.2d 227,

3

229 (11th Cir. 1992) (per curiam) (internal quotation marks omitted). Because Focia is not seeking to vacate a conviction and, indeed, is still in custody, there simply are no grounds upon which the court could grant a writ of error <u>coram</u> <u>nobis</u> as he has requested.

To the extent Focia is somehow challenging the findings or orders of the magistrate judge in regard to his plea of not guilty or his waiver of his right to counsel, the court finds that his arguments are unavailing. As to Focia's first argument, which appears to be that the magistrate judge's order on arraignment should be rescinded because he has not entered a plea due to the magistrate judge's failure to inform him of the "nature and cause of action," in violation of his Sixth Amendment rights, the court finds that Focia's claim is without merit. The Sixth Amendment requires that, in a criminal prosecution, "the accused shall enjoy the right ... to be informed of the nature and cause of the accusation[.]" The indictment "puts the defendant on notice of the nature

and cause of the accusation as required by the Sixth Amendment to the Constitution." <u>United States v. Fern</u>, 155 F.3d 1318, 1325 (11th Cir. 1998). Focia does not dispute, and indeed the record makes clear, that he was provided with a copy of the indictment in this case and was advised of the contents of the indictment at his arraignment.[*] Nor is he challenging, at least in the context of the instant petition for writ of error <u>coram nobis</u>, whether the indictment sufficiently alleges each of the elements of the offenses with which he is charged. As such, it is clear that his Sixth Amendment right to be "informed of the nature and cause of the accusation" was not violated. His insistence that his Sixth Amendment right was nevertheless violated because the magistrate judge did not satisfactorily respond to his challenge to the court's "subject matter jurisdiction and personam jurisdiction," Defendant's

---

[*] At Focia's arraignment on February 25, 2015, the magistrate judge provided him with a copy of the indictment and read the content of indictment to him during the course of the arraignment. Focia confirmed that he "comprehended" the charges against him.

Writ of Error Quae Coram Nobis (doc. no. 49) at 2, is therefore inapposite.

Focia's other point of contention is that the magistrate judge's order of March 10, 2015, in which she concluded that he "made an express, knowing and voluntary waiver of counsel," was erroneous and should be rescinded because he in fact "never waived his right to counsel ever." Defendant's Writ of Error Quae Coram Nobis (doc. no. 49) at 4. Instead, he merely waived "any rights to be 'represented' by an 'attorney.'" Id. He maintains that he has "insisted on his daughter Presley Focia giving him assistance of counsel[,]" but that the court, the United States Marshal's Service, and the Montgomery City Jail have denied him the assistance of such "counsel."

The right to the assistance of counsel preserved by the Sixth Amendment "does not grant defendants the unqualified right to counsel of their choice." United States v. Garey, 540 F.3d 1253, 1263 (11th Cir. 2008). Moreover, courts have long recognized that the Sixth

Amendment right to the assistance of counsel does not encompass the right to be represented, or assisted, by lay persons.  See, e.g., United States v. Benson, 592 F.2d 257, 258 (5th Cir. 1979) (citing United States v. Anderson, 577 F.2d 528, 261 (5th Cir. 1978)) (concluding "there is no Sixth Amendment right to be represented by a non-attorney"); United States v. Cooper, 493 F.2d 473, 474 (5th Cir. 1974) ("There is no colorable merit in the proposition that a criminal defendant (especially one who has twice rejected the services of qualified and competent court-appointed counsel) is constitutionally vested with the right of assistance or representation by a lay person.").

Focia does not dispute that he knowingly and intelligently waived his right to the assistance of a court-appointed attorney.  He also does not represent that his daughter, Presley Focia, is a trained and licensed attorney.  Accordingly, his claim that the magistrate judge erred in finding that he has knowingly and intelligently waived his Sixth Amendment right to

the assistance of counsel is without merit and his filing seeking a writ of error coram nobis on this ground is due to be denied.

***

For all of the foregoing reasons, it is ORDERED that:

(1) Defendant Michael Albert Focia's "Writ of Error Quae Coram Nobis" (doc. no. 49) is treated as a petition for "Writ of Error Quae Coram Nobis"; and

(2) Said petition is denied.

DONE, this the 6th day of April, 2015.

                                          /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**