IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:15cr17-MHT
                            )          (WO)
MICHAEL ALBERT FOCIA        )


OPINION AND ORDER

Before the court is defendant Michael Albert Focia's <u>pro</u> <u>se</u> motion to dismiss. In his motion, he lists several "notices" to the court, as further laid out below, and "commands this court to dismiss with prejudice." Motion to Dismiss (doc. no. 25) at 1-3. For the reasons that follow, Focia's motion to dismiss should be denied.

First, Focia "[n]otices this Court is a publicly traded stock with a Dun-N-Brad Street # and a NCIC Classification for profit" and states that "this Court is a franchise Court created by the United States Government a private for profit corporation as defined in 28 U.S.C. [§] 3002(15)(A)." <u>Id</u>. at 2. Focia has

not produced any viable authority that, even if such statements were true, he would be entitled to have the pending criminal charges dismissed. Certainly 28 U.S.C. § 3002(15)(A) does not provide such authority, as Chapter 176 of Title 28 of the United States Code, which encompasses §§ 3001-3308, is actually the codified federal debt collection procedure.[1] This is wholly irrelevant to the pending criminal charges Focia faces and provides no basis for dismissal.

Next, Focia "[n]otices this Court that it Jurisdiction as defined in 4 U.S.C. [§] 72 is in the erected 50 Federal states aka the several states, aka United States Territories which are mutually exclusive from the states of the Union in the 'Code'" and "the 50 Union states are mutually exclusive Jurisdiction in which they have no jurisdiction unless it is conferred

---

1. Specifically, subsection (15), the subsection on which Focia relies, states that in that chapter of the Code, "'United States' means (A) a Federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States."   28 U.S.C. § 3002(15)(A)-(C). This does not establish a legal basis for dismissal of Focia's criminal charges.

2

on where there is a Corpus Delicti." Motion to Dismiss (doc. no. 25) at 2. Again, the statute Focia cites, 4 U.S.C. § 72, does not provide any viable authority that he would be entitled to have the pending criminal charges dismissed. If fact, section 72 states, in its entirety, "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, <u>except as otherwise expressly provided by law.</u>" 4 U.S.C. § 72 (emphasis added). In the case of this court, it is "otherwise expressly provided by law," as Congress, in exercising the power reserved to it by Article III, has created "inferior courts," including the United States District Courts for the Middle District of Alabama. <u>See</u> 28 U.S.C. §§ 81(b), 132(a). Furthermore, to the extent Focia's motion constitutes some effort to attack or challenge this court's jurisdiction, his argument that he is beyond the reach of this court's jurisdiction was rejected by the magistrate judge at his initial appearance, his objection has been preserved, and, as

was conveyed to him at that time, he is free to appeal
that matter at the appropriate time.

Additionally, Focia "[n]otices this Court that it
operates under 27 C.F.R. [§] 72[2] that all crimes are
commercial and that to enforce their statutes their
must be a contract in accordance with the Clearfield
Doctrine."[3]   Motion to Dismiss (doc. no. 25) at 2.
Focia argues that he "has terminated all contracts with
the United States Government, including a social
security number unlawfully assigned to me" and that he
has "lawfully corrected [his] citizenship with a brief
to John Kerry, Eric Holder, Luther Strange, & Alabama

2. 27 C.F.R. Part 72, encompassing §§ 72.1-72.81,
regulates the disposition of seized personal property.
While this case does involve a forfeiture allegation,
this regulation does not establish a legal basis for
dismissal of Focia's criminal charges.

3. As best the court can discern, the "Clearfield
Doctrine" on which Focia relies stems from the 1943
commercial paper case of Clearfield Trust Co. v. United
States, 318 U.S. 744 (1943), where the United States
Supreme Court considered whether the United States
could recover from Clearfield Trust Company the amount
of a check on which the payee's name had been forged.
This does not establish a legal basis for dismissal of
Focia's criminal charges.

Secretary of State." Id.  Then, Focia "[n]otices this Court I have invoked Section 2 of the Alabama Constitution[4] attained & abolished my form of government guaranteed by Article 4 Clause 2 of the Constitution for the United States of America."[5]  Id.

_____

4. Section 2 of the Alabama Constitution reads, "That all political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit; and that, therefore, they have at all times an inalienable and indefeasible right to change their form of government in such manner as they may deem expedient."  This does not establish a legal basis for dismissal of Focia's criminal charges.

5. Article 4, Section 2 of the United States Constitution reads,

> "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.
>
> "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.
>
> "No person held to service or labor in one state, under the laws thereof,
>                         Footnote continued ....

Again, this is not viable authority to support that Focia is entitled to have the pending criminal charges dismissed, and to the extent he attempts to challenge this court's jurisdiction, his argument has been rejected, and he is free to appeal that matter at the appropriate time.

Finally, Focia "[n]otices this Court" of some of his exhibits to this motion, including his "'affidavit of corporate denial,'" his "'IRS Form 56,'" his "'Declaration of [his] Peaceful Inhabitance and offer of Peace,'" and his "'Mission by Apostille of a Foreign Neutral.'"  Id. at 3.  None of these exhibits provides a legally sufficient basis for dismissal of the criminal charges pending against him.

---

> escaping into another, shall, in consequence of any law or regulation therein, be discharged from such service or labor, but shall be delivered up on claim of the party to whom such service or labor may be due."

U.S. Const. art. IV, § 2.  This section does not establish a legal basis for dismissal of Focia's criminal charges.

6

Focia concludes, "Wherefore the above mentioned reasons Belligerent Claimant commands this court to dismiss with prejudice." Id. As discussed throughout this order, he has not established any legally sufficient grounds for dismissal.

***

Accordingly, it is ORDERED that defendant Michael Albert Focia's motion to dismiss (doc. no. 25) is denied.

DONE, this the 6th day of April, 2015.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE