IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
   v.                       )         2:15cr17-MHT
                            )             (WO)
MICHAEL ALBERT FOCIA        )
```

OPINION AND ORDER

Before the court is defendant Michael Albert Focia's "FRC Rule 6(b)(1) Challenge & Objection to the Grand Jury being unlawfully Drawn, Summoned or Selected and Information Provided in the Case and Notice of Foreign Law under FRCP 26.1 and 44.1," which is construed as a motion to dismiss based on a challenge to the grand-jury proceedings. In the motion, he requests the grand jury "be dismissed, thus dismissing indictment to ensure equal protection under the law in accordance with 6(e)(3)(E)(ii)." Defendant's FRC Rule 6(b)(1) Challenge & Objection to the Grand Jury (doc. no. 26) at 4. In support of his motion, he alleges that, "The Grand Jury cannot, by a matter of laws of

1

the bible which is the ruling laws in this case ... supplemented by the common law in accordance with the Confirmatio Cartarum, have been lawfully summoned, drawn, or selected." Id. at 2. He "objects to the Grand Jury and the Indictment on federal territory" and "requests inspection, tran of the process, jurors and jury selection lists ... of both the Grand Jury and Jury to be selected in this bad faith prosecution." Id. at 2-3. Finally, he also objects "to the information used in the Grand Jury" on the ground that he "believes that Jennifer A Rudden-Conway has dishonored her oath of office" by committing perjury and manufacturing evidence. Id. at 3. Lastly, he states that: "Foreign law is hereby noticed in accordance with 26.1 and 44.1 of FRCP. The law of the case will be further delineated with a law of the case." Id. at 3. For the reasons that follow, the motion should be denied.

Federal Rule of Criminal Procedure 6(b)(1) provides that a defendant may challenge the array of grand jurors "on the ground that it was not lawfully drawn,

2

summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified."

Focia's assertion that, based on the "laws of the bible," the grand jury was improperly impaneled is meritless and not a legally sufficient basis to challenge the array of the grand jury. His allegation that ATF Agent Jennifer Rudden-Conway "dishonored her oath of office" is simply not a challenge to the array of grand jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, nor is it a challenge to an individual juror on the ground that the juror is not legally qualified.

To the extent that Focia seeks discovery of the jury-selection process, the court has previously denied such request and "advised [Focia] that this District's 'Plan of the United States District Court [for the] Middle District Of Alabama For The Random Selection Of Grand And Petit Jurors' is a publicly available document which can be accessed on the 'Rules & Procedures' page of the court's public website at

http://www.almd.uscourts.gov/rulesproc/rules_contents.htm." Order (doc. no. 78) at 3.

To the extent that Focia is challenging the grand jury based on his assertion that this court lacks jurisdiction over him, the court will not address this argument again, as it has been raised and denied many times. Accordingly, Focia has presented no legally sufficient challenge, pursuant to Rule 6(b), to the selection or summoning of the grand jury or to the qualifications of any individual juror.

To the extent Focia attempts to invoke foreign law in this case, the court declines such a request. Rule 26.1 of the Federal Rules of Criminal Procedure[*]

---

[*] As a preliminary matter, the court again notes that the Rules of Civil Procedure are irrelevant in this criminal case at this time. Focia cites to "F.R.C.P. 26.1 and 44.1" as authority pursuant to which he is entitled to provide notice of foreign law. See Defendant's Mot. to Challenge the Grand Jury Proceedings (doc. no. 26) at 3. Rule 26.1 of the Federal Rules of Criminal Procedure indeed concerns "Foreign Law Determination." Rule 44.1 of the Federal Rules of Criminal Procedure does not exist. Rule 44.1 of the Federal Rules of Civil Procedure, however, concerns the determination of foreign law in a civil case. As this is a federal criminal proceeding, it is governed by the Rules of Criminal Procedure and the

Footnote continued....

"provides a procedural framework for submission of foreign law materials to a court, but only when 'an issue concerning the law of a foreign country' has been raised."  <u>United States v. Atwell</u>, 71 F.R.D. 357, 361 (D. Del. 1976) (Schwartz, J.).  Here, Focia is charged with the violation of several United States criminal laws, and there is no issue concerning the law of a foreign country.  Accordingly, the court concludes that Focia's motion requesting the court to invoke the Bible as controlling law should be denied.

***

For all of the foregoing reasons, it is ORDERED that:

---

Rules of Civil Procedure have no effect.  Accordingly, the court may consider Focia's motion pursuant only to Rule 26.1 of the Federal Rules of Criminal Procedure.

(1)  Defendant Michael Albert Focia's "FRC Rule 6(b)(1) Challenge & Objection to the Grand Jury being unlawfully Drawn, Summoned or Selected and Information Provided in the Case and Notice of Foreign Law under FRCP 26.1 and 44.1" (doc. no. 26) is treated as a motion to dismiss based on a challenge to the grand-jury proceedings; and

(2) Said motion is denied.

DONE, this the 6th day of April, 2015.

                                      /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE