IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )      CRIMINAL ACTION NO.
   v.                         )         2:15cr17-MHT
                              )            (WO)
MICHAEL ALBERT FOCIA          )


OPINION AND ORDER

Before the court is defendant Michael Albert Focia's pro se motion to dismiss for lack of territorial jurisdiction, in which he asserts that, pursuant to Federal Rule of Criminal Procedure 12(b)(3), this court lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." Def.'s Motion to Dimiss for Lack of Territorial Jurisdiction (doc. no. 56) at 1. Further, Focia states as follows:

> "[T]he accused would demand of this court to establish the required exclusive Federal jurisdiction that has been merely assumed in this matter, consisting of:

1.  Documentation showing ownership of each and every geographical location mentioned in the instant indictment wherein the alleged criminal activity took place.

2.  Documentation from the legislature of the Republic of Alabama surrendering jurisdiction to the Federal government over the same geographical location as in #1.

3.  Documentation pursuant to Title 40 U.S.C. § 3112, wherein the United States accepted jurisdiction to the same geographical location as specified in #1, OR, documentation showing concurrent jurisdiction with the Republic of Alabama over the geographical location in #1; OR, absent the production of such required documentation showing lawful Federal jurisdiction over this geographical location, dismiss the action entirely, immediately."

Id. at 4.

"United States federal district courts have original and exclusive jurisdiction over 'all offenses against the laws of the United States.' 18 U.S.C. § 3231.  If an indictment alleges conduct constituting a federal offense, the district courts have jurisdiction."  United States v. Turner, 577 F. App'x

915, 916 (11th Cir. 2014) (citing United States v. McIntosh, 704 F.3d 894, 902-03 (11th Cir. 2013)). "Dismissal is improper if 'the factual allegations in the indictment, when viewed in the light most favorable to the government, were sufficient to charge the offense as a matter of law.'" Id. at 915 (quoting United States v. Sharpe, 438 F.3d 1257, 1258-59 (11th Cir. 2006) (internal quotation marks omitted)); see also Sterling v. United States, 2012 WL 6617120, at *1 (N.D. Ga. 2012) (Scofield, M.J.) report and recommendation adopted, 2012 WL 6617088 (N.D. Ga. 2012) (Pannell, J.) (motion claiming that federal courts lack jurisdiction to try criminal cases is patently frivolous); United States v. Hands, 2005 WL 1183213, at *1 (S.D. Ala. 2005) (Butler, J.) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law.... Without question, the district court had jurisdiction over the defendant.") (internal quotation marks and citation omitted); United

3

States v. Kahn, 304 F. Supp. 2d 1353, 1358 (M.D. Fla. 2004) (Hodges, J.) ("[40 U.S.C. § 3112] does not, as the defendant[] contend[s], affect the federal government's ability to exercise the enumerated powers constitutionally delegated to it by each of the several states with respect to any land anywhere within these states, that is to say the United States.").

It is clear to the court that it has jurisdiction over this matter.  Focia is charged with dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D); transferring a firearm to an out-of-state resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D); and interfering with communication systems in violation of 18 U.S.C. § 1362.  Superseding Indictment (doc. no. 40) at 1-3.  The court finds that the indictment sufficiently alleges facts to support each charge.  As each count of the indictment charges a violation of United States law, this court indisputably has jurisdiction.

This court is also a proper venue for this case, as the crimes charged are alleged to have been committed within the Middle District of Alabama.  <u>See</u> U.S. Const. art. III, § 2, cl. 3 (providing that a criminal trial must be held "in the state where the said Crimes ... have been committed.); Fed. R. Crim. Proc. 18 (providing that, except as otherwise permitted, "the government must prosecute an offense in a district where the offense was committed.").

Furthermore, Focia's argument that he is beyond the reach of this court's jurisdiction was rejected by the magistrate judge at his initial appearance, his objection has been preserved, and, as was conveyed to him at that time, he is free to appeal that matter at the appropriate time.

***

Accordingly, it is ORDERED that defendant Michael Albert Focia's motion to dismiss for lack of territorial jurisdiction (doc. no. 56) is denied.

DONE, this the 6th day of April, 2015.

     /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE