IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr17-MHT |
| | ) | (WO) |
| MICHAEL ALBERT FOCIA | ) | |

OPINION AND ORDER

Before the court is defendant Michael Albert Focia's pro se "Motion to Dismiss for Failure to State a Claim for which Relief can be Granted 12 (b)3,6." In his motion, Focia seeks "dismissal of this administrative complaint for failure to state a claim [upon] which relief can be granted in accordance with FRCrP 12(b)3,6." Mot. to Dismiss (doc. no. 68) at 2. For the reasons that follow, Focia's motion to dismiss is due to be denied.

As a preliminary matter, the court will again explain to Focia that the Rules of Civil Procedure are wholly irrelevant in this proceeding. He cites to "FRCrP 12(b)3,6" as authority pursuant to which he

requests dismissal for failure to state a claim on which relief can be granted.  <u>See</u> Mot. to Dismiss (doc. no. 68) at 2.  Rule 12(b)(3) of the Federal Rules of Criminal Procedure indeed allows for the filing of pretrial motions based on an indictment that "fail[s] to state an offense."  Rule 12(b)(6) of the Federal Rules of Criminal Procedure does not exist.  Rule 12(b)(6) of the Federal Rules of Civil Procedure, however, provides, among other things, a vehicle for a civil litigant to seek dismissal of a suit when a pleading "fail[s] to state a claim upon which relief can be granted."  As this is a federal criminal proceeding, it is governed by the Rules of Criminal Procedure and the Rules of Civil Procedure have no effect.  <u>Compare</u> Fed. R. Crim. P. 1 ("These rules govern the procedure in all criminal proceedings in the United States district courts ...."); <u>with</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts...."). <u>See also</u> <u>United States v. Robinson</u>, 416

F. App'x 871, 874 (11th Cir. 2011) (unpublished decision) (affirming district court's dismissal, for lack of subject matter jurisdiction, of a Fed. R. Civ. P. 59(e) motion to alter or amend judgment in a criminal case because "the Federal Rules of Civil Procedure did not apply in a criminal action"). Accordingly, the court may consider Focia's motion pursuant only to Rule 12(b)(3) of the Federal Rules of Criminal Procedure and cases interpreting that Rule.

Rule 12(b)(3) reads as follows:

> "Motions That Must Be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
>
> (A) a defect in instituting the prosecution, including:
>
> (i) improper venue;
>
> (ii) preindictment delay;
>
> (iii) a violation of the constitutional right to a speedy trial;

> (iv) selective or vindictive prosecution; and
>
> (v) an error in the grand-jury proceeding or preliminary hearing;
>
> (B) a defect in the indictment or information, including:
>
> (i) joining two or more offenses in the same count (duplicity);
>
> (ii) charging the same offense in more than one count (multiplicity);
>
> (iii) lack of specificity;
>
> (iv) improper joinder; and
>
> (v) failure to state an offense;
>
> (C) suppression of evidence;
>
> (D) severance of charges or defendants under Rule 14; and
>
> (E) discovery under Rule 16."

Fed. R. Crim. P. 12. It appears by the title of Focia's motion that he is proceeding under Rule 12(b)(3)(B)(v), alleging that the indictment fails to state an offense.

Focia's motion is due to be denied based on his failure to support with any viable argument that Rule

4

12(b)(3) entitles him to dismissal. He is charged with dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D); transferring a firearm to an out-of-state resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D); and interfering with communication systems in violation of 18 U.S.C. § 1362. Superseding Indictment (doc. no. 40) at 1-3. The court has already determined that the superseding indictment "sufficiently alleges facts to support each charge." Order Denying Mot. to Dismiss (doc. no. 85) at 4. As each count of the indictment charges a violation of valid United States law, the indictment in this case does not fail to state an offense.

In support of his motion to dismiss, Focia argues (1) that "th[is] court ha[s] absolutely no jurisdiction to prosecute [him] under Title 18"; (2) that he "is not a creature of the law"; and (3) that "the United States Supreme Court ruled that [18 U.S.C. § 921] only applies to a sawed-off shot gun" and does not apply to

handguns, which Focia prefers to call "arms" and not "firearms."  Mot. to Dismiss (doc. no. 68) at 2-7. These are patently frivolous and legally incorrect arguments that do not establish a basis for dismissal.

***

For the reasons stated above, it is ORDERED that defendant Michael Albert Focia's motion to dismiss (doc. no. 68) is denied.

DONE, this the 6th day of April, 2015.

                                                 /s/ Myron H. Thompson   
                                        **UNITED STATES DISTRICT JUDGE**