IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr17-MHT |
| | ) | (WO) |
| MICHAEL ALBERT FOCIA | ) | |

OPINION AND ORDER

This case is now before the court on defendant Michael Albert Focia's motion for reconsideration of the decision to detain him that was entered by a United States Magistrate Judge in the United States District Court for the Southern District of Mississippi. The court construes the motion as one for revocation or amendment of a detention order pursuant to 18 U.S.C. § 3145(b). The court has reviewed the transcript of the detention hearing as well as the record in this court. Based on the court's independent and *de novo* review of this information, the court finds that the record does not establish by clear and convincing evidence that Focia is not likely to flee if released

under his own recognizance or with conditions. Accordingly, the court will deny Focia's motion.

## I. BACKGROUND

Focia is detained on a petition for revocation of his supervised release. In 2015, he was convicted for dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), and for two counts of transferring a firearm to an out-of-state resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D). He was sentenced to 51 months' incarceration and three years' supervised release. In October 2018, he was released from prison and was required to report to the probation office within three days. He did not do so. As a result, a revocation petition was filed and a warrant issued. After his arrest a month and a half after he should have reported, his probation was revoked, and he was sentenced to another six months in prison followed by another two-year term of supervised release. He was

released in May 2019 and started his new term of supervised release.

In April 2020, the probation officer filed the currently pending petition for revocation of supervised release because Focia had been refusing to answer the questions on his monthly supervision report since the commencement of his second supervised-release term and refused to provide the probation officer requested information about his employment.  The court issued a summons and Focia appeared at a status conference on May 4, where the court announced its intention to set the petition for an evidentiary hearing and issued another summons.  A few days later, the probation officer filed a motion to amend the revocation petition to add a new violation based on Focia's having reportedly moved out of his home on May 5 without providing notice to the probation officer about where he was moving.  The court granted the motion to amend the petition and approved the issuance of a warrant for Focia's arrest.

Focia was finally arrested on the warrant by state authorities in August 2020 in Mississippi. The United States Magistrate Judge in that district held a detention hearing and ordered him detained due to risk of flight, based on evidence she heard that he had failed to report to probation as required. It is this decision that Focia now challenges.

## I. STANDARD OF REVIEW

18 U.S.C. § 3145(b) provides that, "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." A district court considering such a motion "must conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

## II.  DISCUSSION

Focia was arrested for a violation of supervised release.  Detention proceedings for defendants arrested for supervised-release violations are governed by Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3143(a)(1).  See Fed. R. Crim. P. 5(a)(2)(B) ("If a defendant is arrested for violating probation or supervised release, Rule 32.1 applies."); Fed. R. Crim. P. 32.1(a)(6) ("The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings.").  18 U.S.C. § 3143(a)(1) requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)," that is, on personal recognizance or with conditions.  Rule 32.1(a)(6), in turn, makes clear that "[t]he burden of establishing by clear and convincing evidence that the person will not flee or

5

pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Having reviewed the transcript of the hearing before the magistrate judge in Mississippi, the court agrees with its finding that detention is necessary based on likelihood of flight. At the hearing before the magistrate judge, Focia did not present any evidence that he was unlikely to flee, and the burden was on him to do so. Nor did he do so in the motion for review of the detention order currently pending before the court.

Furthermore, the record makes clear that there is significant risk of flight even if Focia were released with conditions. Focia absconded from this jurisdiction after a status conference with this court on a revocation petition, knowing that a revocation hearing was about to be set by the court. He was gone for months. In his appearance before the magistrate judge in Mississippi, and in multiple appearances and filings in this court, Focia has repeatedly expressed that he does not recognize the authority of the court.

6

Given these concerns, the court finds that even if released on conditions, such as home monitoring, Focia is likely to flee. The record simply does not support a finding by clear and convincing evidence that Focia is unlikely to flee.

Before concluding, the court pauses to address various arguments Focia makes in his motion. In the motion, Focia challenges the detention order based on a panoply of reasons that have nothing to do with likelihood of flight. He argues that the judgment against him is void for lack of jurisdiction; that he has already served the statutory maximum sentence for his original offenses of conviction; and that he allegedly was not informed of the charges against him by the magistrate judge in this district. (The transcript shows that the magistrate judge who handled the detention hearing in Mississippi did so inform him.) He also points to the danger of being housed with "foreigners grouped together" during the ongoing COVID-19 crisis; the inability of the jail to provide Kosher meals; alleged judicial bias on the part of

7

judges; the lack of an injured party; and the unconstitutionality of supervised release pursuant to the Fugitive Slave Act.  *See* Motion for Reconsideration of Detention (doc. no. 315) at 5-6.  As Focia has provided no caselaw in support of these arguments, and as they appear facially frivolous, the court will not spend its limited time analyzing them.  The court does, however, specifically reject Focia's claim of judicial bias.  This court is not biased against him, and the court has been presented with no evidence that the magistrate judges involved in this case have been biased against him either.

* * *

Accordingly, for the foregoing reasons, it is ORDERED that defendant Michael Albert Focia's motion for reconsideration of detention (doc. no. 315) is denied.

DONE, this the 19th day of October, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**